**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

Martha Bradford, )
          Plaintiff, )
v. ) Case No. 16-0289-CV-W-FJG
City of Kansas City, Missouri, )
          Defendant. )

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 21).

**I.    Background**

Plaintiff Martha Bradford initially brought a two-count complaint against the city of Kansas City, Missouri. Doc. No. 1, filed on March 31, 2016. Count one alleged 42 U.S.C. § 1983 retaliation. Count three alleged 42 U.S.C. § 1983 violation of the right to freedom of association, due process of law and equal protection under the First and Fourteenth amendments of the U.S. Constitution. On June 3, 2016, defendant moved to dismiss for failure to state a claim. On November 16, 2016, before the motion to dismiss was ruled, plaintiff filed a motion to amend her complaint. On January 12, 2017, the Court granted plaintiff's motion for leave to amend complaint, making the motion to dismiss moot. On January 23, 2017, plaintiff filed her amended complaint (Doc. No. 20). Plaintiff's amended complaint contains three counts: (1) Race-based hostile work environment; (2) 42 U.S.C. § 1983 – violation of the right to freedom of association; due process of law and equal protection of the laws under the first and fourteenth amendments of the U.S. Constitution; and (3) 42 U.S.C. § 1983 retaliation.

Plaintiff alleges that she is an African American woman formerly employed with the City of Kansas City, Water Services Department. Plaintiff asserts that the "Defendant City of Kansas City has exclusive responsibility for establishing and implementing appropriate policy, procedure, custom and practice for its employees including human resources policies and practices for the City of Kansas City, Missouri, and for ensuring those policies, procedures, customs and practices are followed by its employees." Doc. No. 20 ¶ 9.

In 2009, plaintiff alleges she and other African-American employees in the Water Services Department began receiving threatening messages at work through the mail. Plaintiff alleges that the incidents were reported to her immediate supervisor, Curtis Braden, who forwarded them to human resources. Plaintiff alleges that human resources did not follow up with her.

Plaintiff alleges that she was suspended in 2011 after she had inquired about the status of the investigation. Plaintiff alleges she also was reprimanded for talking with her co-workers about alleged discrimination, and she and other African American co-workers were banned from speaking about the incident in the workplace. Plaintiff asserts that she was engaging in protected speech because "the inquiry was about harassment which occurred in Defendant's place of employment and which was authorized by Defendant's human resources policy, custom." Doc. No. 20, ¶ 20. She asserts her free speech rights outweighed defendant's rights of promoting efficient public service. Plaintiff alleges that because of the hostilities in the Water Services Department, plaintiff suffered a nervous breakdown and took early retirement.

Plaintiff alleges that "Defendant is the final arbiter, decision-maker and supervisor of a policy, custom and practice which was callous, reckless, and deliberately indifferent to

the United States Constitutional rights of Plaintiff because Defendant was complicit in the illegal act of punishing African-Americans whenever African-Americans utilized Defendant's established human resources policy, custom to complain about discriminatory conduct through speech. The Defendant through its established policy and or custom of tacit indifference to African-Americans routinely punished African-Americans for complaining of harassment". Doc. No. 20, ¶ 26. As examples, plaintiff asserts that "defendant" punished non-parties Beverly Rogers, Deborah Hendrix, Tina Williams, Rhonda Sutton, and LaJoyce Riley.[1] Id. Plaintiff asserts that "defendant" allowed a policy or custom or routine discrimination of its African-American employees.

With respect to Count I, plaintiff pleads that she was subject to racial harassment in that based upon her race she was not allowed to associate, and she was punished when she used defendant's human resources "policy, custom to inquire about what investigations" were being conducted. Doc. No. 20, ¶¶ 31-32. She asserts "Defendant's policy, custom of systematic indifference to its African-American employees . . . was the precise reason why Defendant suspended the Plaintiff . . ." Id. ¶ 34. Plaintiff states "The pattern of looking the other way when African-Americans filed complaints is a well entrenched policy, custom of Defendant." Id. ¶ 35.

With respect to Count II, plaintiff asserts that, "In accordance with Defendant's policy, custom as described [above], Defendant's policy, a custom of chilling the speech of African-American employees intimidating them by ignoring complaints of harassment coupled with punishment, Defendant similarly punished Plaintiff by suspending her." Id. ¶ 43. Plaintiff also asserts that defendant was acting "under color of law and the established policy, custom of curtailing the speech rights of African-Americans to

---

[1] This Court dismissed Ms. Riley's lawsuit in December 2016. See Riley v. City of Kansas City, Case No. 16-0188.

3

deliberately conceal racial animus . . . ." Id. ¶ 44.

In Count III, plaintiff alleges, "Defendant in the same manner it treated Beverly Rogers, Deborah Hendrix, Tina Williams, Rhonda Sutton, and LaJocye [sic] Riley, policy/custom devised by Defendant where in routinely ignores complaints of discrimination by African-Americans coupled with retaliatory acts of reprimands, suspensions, and firings; continued its policy/custom by ignoring Plaintiff's complaint and suspended her." Id. ¶ 50. Plaintiff states that "Defendant had knowledge of its illegal conduct if due diligence was exercised and had the power to prevent the commission of any further wrong but instead intentionally and, [sic] knowingly, and with deliberate indifference to the plight and rights of Plaintiff retaliated by suspending plaintiff." Id. ¶ 52.

Defendant again filed a motion to dismiss (Doc. No. 21, filed on February 6, 2017). Defendant asserts that plaintiff has failed to plead a causal connection between a municipal policy or custom and the alleged constitutional deprivations.

## II. Standard

When ruling a motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009). A plaintiff must plead facts which support the prima facie elements of the claims asserted in order to avoid dismissal under Rule 12(b)(6). Parker v. Dir. of Mental Health, No. 04-0599, 2005 U.S. Dist. LEXIS 33515, *6 (W.D. Mo. Apr. 20, 2005).

### III. Discussion

Defendant moves to dismiss, arguing that plaintiff's claims all are brought pursuant to 42 U.S.C. § 1983 and plaintiff has failed to properly allege that she was harmed by a custom, policy, or practice of the defendant. Plaintiff again responds that her Complaint pled sufficient facts which demonstrate a custom of indifference to her complaints.

In order to avoid dismissal in a Section 1983 case against a municipal corporation, plaintiff must also "plead facts demonstrating that the defendants violated a constitutional right either pursuant to official municipal policy or as part of a custom or usage with the force of law." Kelly v. City of Omaha, 813 F.3d 1070, 1073 (8th Cir. 2016). "Misconduct among a municipality's employees must be continuing, widespread, and persistent to establish such a custom…. the municipality will not be liable unless policymaking officials exhibit deliberate indifference to or tacit authorization of such conduct after notice to the officials of that misconduct." Id. at 1073. "A municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under 42 U.S.C.S. § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 660 (1978). "There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983." Ulrich v. Pope County, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412

5

(1989)).

The Court finds that plaintiff has not alleged a custom or policy of the only defendant, a municipality, which resulted in the deprivation of her rights or privileges protected by the constitution. Plaintiff has used the terms "policy, custom" throughout her complaint, without describing in any specificity what the policy or custom was, who implemented such a policy or custom, how the policy or custom was actually applied to plaintiff and others, when the policy or custom was applied or development, etc. In other words, plaintiff has failed to plead facts supporting her claims. With respect to policy, the plaintiff has pointed to no specific policy of the defendant that violates the constitution, nor does she plausibly allege that the specific individuals mentioned in her amended complaint were given policy-making authority. Although in her suggestions in opposition to the motion to dismiss plaintiff suggests that the director of human resources may have created unconstitutional policies, none of the matter (described at pp. 2-3 of defendant's reply suggestions, Doc. No. 25) is present in the amended complaint, and the time for filing amended pleadings has long passed. Furthermore, plaintiff asserts that the city's anti-harassment policy has been used unfairly against plaintiff. However, the city's anti-harassment policy, on its face, prohibits discrimination, including the alleged discriminatory acts in this case. See § 2-364(b) of the Charter of Kansas City, Missouri ("It shall be the policy of the city that discrimination directed at or harassment of employees based on race, religion, color, ancestry, sex, national origin, age (over 40), disability, or sexual orientation will not be tolerated in the workplace and is hereby prohibited."). The Court finds that plaintiff has failed to plead a plausible claim that the defendant has a policy which resulted in deprivation of her constitutional rights.

In addition, with respect to a custom or usage, plaintiff has only pled mistreatment

6

of herself and a few other co-workers within the Water Services Department, which is insufficient to show a pervasive custom of the municipality.  Moreover, plaintiff has only pled conclusory statements that policymakers had notice of or otherwise authorized misconduct.  Pleading a violation by the "defendant" is insufficient where the only named defendant is the municipality, not a specifically-named policymaker. Therefore, the Court finds that the amended complaint asserts nothing more than re-packaged allegations that the City should be liable under a respondeat superior theory, which is impermissible under Section 1983.  Monell, 436 U.S. at 660.

Given that the time for filing amended pleadings has closed, as has the time for discovery, the Court finds that defendant's motion to dismiss should be granted with prejudice.

IV. Conclusion

Therefore, for the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 21) is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

Date: May 16, 2017                   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                                     United States District Judge